IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**BELARMINIO RODRIGUEZ**         :        **CIVIL ACTION**
    v.                                              :
**TROY LEVI**                              :        **NO. 07-cv-4455**

## MEMORANDUM AND ORDER

Petitioner Belarminio Rodriguez filed a petition in this court on October 24, 2007, allegedly seeking Habeas Corpus relief pursuant to 28 U.S.C. §2241, in which he names the Warden of the Federal Detention Center in Philadelphia, PA as the sole respondent.

Petitioner claims that he entered into a "stipulated plea" agreement in this court to charges brought pursuant to 21 U.S.C. §846 and 21 U.S.C. §841(a)(1); however, this court has no records of any conviction or sentence imposed in this court involving a defendant named "Belarminio Rodriguez." Petitioner incorrectly states that he was convicted and sentenced in this court in 99-cr-631-4. Petitioner also incorrectly states that his instant petition relates to 06-cv-4617 (a 28 U.S.C. §2255 petition to which Belarminio Rodriguez was not a party). It is utterly impossible for this court to determine, based on what petitioner presented to this court on October 24, 2007, where petitioner was convicted, and it is also impossible to determine whether this civil action is properly cognizable under 28 U.S.C. §2241, or under 28 U.S.C. §2255, or under neither.

A grant of relief pursuant to 28 U.S.C. §2255 in cases involving federal custody is limited by the terms of 28 U.S.C. §2255 itself to:

    I.    an attack on the constitutionality (of )
    II.   the imposition (and not the execution) of a federal conviction and/or
           a federal sentence,

      III.    (which is) made after the imposition of the federal sentence.[1]

A grant of relief pursuant to 28 U.S.C. §2241 in cases involving federal custody is limited to:

      I.    an attack that is not constitutional in nature; ***and/or***
      II.    an attack on the execution of a federal conviction and/or sentence; ***and/or***
      III.    an attack made before the imposition of the federal sentence.

This is a crucial distinction, as §2255's so-called **"second or successive rule"** generally forbids a litigant from filing a 28 U.S.C. §2255 habeas if that litigant had a prior 28 U.S.C. §2255 habeas (attacking the same federal conviction and/or sentence), which was dismissed with prejudice.[2] In addition, a petitioner in a §2241 case is not entitled to the protections created for prisoners filing §2255 petitions by the Third Circuit's decision in USA v. Miller, 197 F.3d 644 (3rd Cir. 1999). Finally, those seeking relief pursuant to §2255 must file their petition on a special court-created form (there is no such special form for §2241 petitions).[3] Petitioner has not used this court's current standard §2255 form, and purports to seek relief pursuant to §2241.

Whereas it is impossible for this court to determine, based on what has been presented to it, how this case should be analyzed. Accordingly, this

Day of                               2007, it is hereby **ORDERED** as follows.

---

[1] Okereke v. United States, 307 F.3d 117 (3rd Cir. 2002); Cradle v. United States ex rel Miner, 290 F.3d 536 (3rd Cir. 2002); In Re: Dorsainvil, 119 F.3d 245 (3rd Cir. 1997).

[2] Pursuant to the language of 28 U.S.C. §2255 itself, the AEDPA "second or successive rule" applies to 28 U.S.C. §2255 petitions. The AEDPA "second or successive rule" does not apply to 28 U.S.C. §2241 petitions. Zayas v. INS, 311 F.3d 247 (3rd Cir. 2002).

[3] See, Local Rule of Civil Procedure 9.3.

1. Petitioner Rodriguez shall, within thirty (30) days, inform this court of the name of the federal court which convicted him, and also of the criminal action number of that conviction.

2. The Clerk of this Court shall mail this court's current standard 28 U.S.C. §2255 form.

3. Petitioner shall, within thirty (30) days, inform this court as to whether he wishes this matter proceed under 28 U.S.C. §2255 or 28 U.S.C. §2241; if petitioner does wish this to proceed as a 28 U.S.C. §2255 case, he shall complete the aforesaid §2255 form and return it to the Clerk of this Court.

4. Petitioner is placed on formal notice that if he was not convicted in this court, that relief is not available to him in this court pursuant to 28 U.S.C. §2255.

5. Failure to comply with this Order shall result in dismissal of this civil action.

            **S/ LEGROME D. DAVIS**
            **LEGROME D. DAVIS, U.S. District Judge**